### SMITH v. THE TRUSTEES OF THE IOWA AGRICULTURAL COLLEGE *et al.*

**Contract: AGRICULTURAL LANDS : FORFEITURE.** The trustees of the agricultural college inserted a clause of forfeiture in a contract for the lease and sale of a tract of college land, as provided by chapter 71, acts 11th general assembly, and stipulated therein that the trustees might declare the contract forfeited if the rent or interest should be in arrears. The lessee failing to pay as stipulated, the trustees declared the contract forfeited, and sold the land to another. *Held*, that this action on the part of the trustees was authorized by the act of the legislature, and that the act itself was valid.

*Appeal from Webster District Court.*

TUESDAY, APRIL 12.

THE facts are sufficiently stated in the opinion.

WILLIAMS, J.— In accordance with an act of the legislature — chapter 71, acts of the 11th general assembly — the trustees of the agricultural college leased a tract of college land to plaintiff, with the privilege to plaintiff of purchasing the land at a stipulated price at

the end of the term ; and he made the advance payment required by the law, which law authorized the trustees to insert a clause of forfeiture in the lease, which was inserted, stipulating that the trustees could declare the contract forfeited if a payment of rent or interest should be in arrear for sixty days. The plaintiff failed to pay as stipulated for sixty days, and the trustees then declared the contract forfeited and sold the land to defendant, Connor.

Plaintiff, after forfeiture and sale, tenders the rent or interest in arrears, and asks that the lease and sale to Connor be set aside.

The only question that can be raised in this case is the power of the legislature to authorize a contract as above stated. The land belonged to the State, and the legislature could fix and enforce the terms and conditions of a lease or sale.

Affirmed.